UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY ZAVALA,<br>Booking No. 21103200,<br><br>                       Plaintiff,<br><br>        vs.<br><br>SAN DIEGO SHERIFF,<br><br>                   Defendant. | Case No.:  3:21-cv-01104-GPC-RBM<br><br>**ORDER:**<br><br>**1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; AND**<br><br>**2)  DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

DANNY ZAVALA ("Plaintiff"), currently housed in the San Diego Central Jail ("SDCJ") located in San Diego, California, is proceeding pro se in this case with a civil rights Complaint filed pursuant to 22 U.S.C. § 1983 (ECF No. 1).

Plaintiff has not prepaid the $402 civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

/ / /

/ / /

1

## I.    Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his Motion to Proceed IFP, Plaintiff has submitted a copy of his inmate trust account statement. (*See* ECF No. 2); *see* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows that Plaintiff had an average monthly balance of $1.60, and average monthly deposits of $15.00 to his account over the 6-month period immediately preceding the filing of his Complaint, as well as an available balance of $9.62 at the time of filing. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), and assesses his initial partial filing fee to be $3.00 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Watch Commander of SDCJ, or their designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

II.     **Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

A.     Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.     Plaintiff's Factual Allegations

Plaintiff alleges that he was "shot in the head by San Diego Police Officers" on January 29, 2021.  (Compl. at 3.)  While not clear, it appears that Plaintiff was later transported to SDCJ where he was allegedly "brutally beaten, maced, maimed, and raped" by unnamed San Diego Sheriff Deputies.  (*Id.*)  Plaintiff claims that this incident was "filmed" and he was asked by someone if he "understood what was happening."  (*Id.*)  He was then "tended to by a nurse briefly and subsequently thrown" inside a cell.

1 (*Id.*) A counselor later came to speak to Plaintiff but he was "hesitant to speak to her

2 about the incident because a deputy was present." (*Id.*)

3       Despite allegedly being shot and raped, Plaintiff was not "housed in the medical

4 floor for further observation." (*Id.* at 4.) On February 8, 2021, Plaintiff was "being strip

5 searched in the multipurpose room" when he "had a seizure." (*Id.*) Two days later,

6 Plaintiff purportedly had another seizure and was "finally monitored for a few hours" but

7 told there "was no room in medical housing." (*Id.*)

8       Plaintiff filed a grievance on May 12, 2021 "concerning [his] rape and lack of

9 medical care." (*Id.* at 5.) Plaintiff also "filed a complaint with Internal Affairs." (*Id.*)

10 Plaintiff filed a second grievance following additional seizures and the lack of a response

11 by the "floor deputy." (*Id.*) After Plaintiff allegedly suffered another seizure on June 3,

12 2021, he was taken to "medical where [he] was given [his] seizure meds early." (*Id.*)

13       Plaintiff seeks injunctive relief, $1,000,000 in compensatory damages, and

14 $38,000,000 in punitive damages.

15       C.     <u>Individual Causation</u>

16       Plaintiff's Complaint contains some very serious factual allegations. However,

17 Plaintiff has failed to identify any specific individual whom he claims violated his

18 constitutional rights. "Because vicarious liability is inapplicable to . . . § 1983 suits, a

19 plaintiff must plead that each government-official defendant, through the official's own

20 individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones*

21 *v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir.

22 1984) (even pro se plaintiffs must "allege with at least some degree of particularity overt

23 acts which defendants engaged in" in order to state a claim). "A plaintiff must allege

24 facts, not simply conclusions, that show that [each defendant] was personally involved in

25 the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.

26 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 F.3d 1245, 1248 (9th

27 Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.").

28

Plaintiff must identify specific individuals in order to proceed with this action. The only named Defendant is "San Diego Sheriff" but this Defendant, William Gore, is not alleged to have any involvement in the actions allegedly taken by San Diego Sheriff Deputies. Supervisory officials may only be held liable under § 1983 if Plaintiff alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018); *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011). Plaintiff makes no such allegations against Sheriff Gore in his Complaint. There are no facts alleged which show a "causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Accordingly, the Court *sua sponte* dismisses all claims in the Complaint against Defendant Sheriff Gore. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) & § 1915A(b)(1).

D.     Leave to Amend

While the Court has dismissed all claims found in Plaintiff's Complaint, the Court will give Plaintiff leave to amend to identify, with as much specificity as he can, the individuals whom he claims are responsible for the alleged constitutional violations. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). Along with setting forth factual allegations, Plaintiff must also identify the specific individuals whom he claims are committing the alleged violations.

If Plaintiff does not know the names of the individuals he alleges harmed him, but would still like to name them as defendants in this action, he may sue unknown defendants using a pseudonym (for example, "John Doe" or "Jane Doe") and may be given an opportunity to identify their true names through discovery, if warranted. *See*

*Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If he chooses to do so, Plaintiff is advised that he should provide all the information he possesses about each "John Doe" defendant, including what actions relevant to the complaint that each "John Doe" defendant is alleged to have engaged in, to assist the parties in identifying the defendants and to enable the Court to determine whether Plaintiff has stated a claim.

**III.     Conclusion and Order**

Based on the foregoing, the Court:

1)     **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2).

2)     **ORDERS** the Watch Commander for the SDCJ, or their designee, to collect from Plaintiff's trust account the $3.00 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3)     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92101.

4)     **DISMISSES** Plaintiff's Complaint sua sponte for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

5)     **GRANTS** Plaintiff sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir.

2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and to assist him in complying with LR 8.2.a's requirements.

**IT IS SO ORDERED**.

Dated:  June 21, 2021

Hon. Gonzalo P. Curiel
United States District Judge