# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY ZAVALA, Booking No. 21103200,<br><br>                                   Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF,<br><br>                                   Defendants. | Case No.  3:21-cv-01104-GPC-RBM<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER** |

## I.    Introduction

On June 11, 2021, Danny Arroyo Zavala ("Plaintiff"), who is proceeding pro se, was housed at San Diego Central Jail and filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court. (*See* ECF No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

The Court granted Plaintiff's Motion to Proceed in Forma Pauperis and dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b)(1), and

granted him sixty (60) days from the date of the dismissal Order to file a First Amended Complaint. (*See* ECF No. 3.)

## II.     Discussion

Plaintiff's First Amended Complaint was due on or before August 21, 2021. To date, he has failed to amend, and has not requested another extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## III.    Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for the reasons set forth in the Court's June 21, 2021 Order, and his failure to prosecute as required by Court's Order.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  November 9, 2021

Hon. Gonzalo P. Curiel
United States District Judge